# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JESUS JAVIER RIVERA CARIDE<br>Debtor(s) | CASE NO. 24-02892 ESL<br><br>CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF PLAN

**TO THE HONORABLE COURT:**

Comes now secured creditor Banco Popular de Puerto Rico ("BPPR"), through its undersigned counsel and very respectfully states and requests:

1. On July 11, 2024, Debtor filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. On the abovestated date, Debtor filed his Chapter 13 Plan dated 7/10/2024 (Docket No. 4).

3. On July 17, 2024, BPPR filed its secured proof of claim in the amount of $100,876.72, including pre-petition arrears in the amount of $2,381.89 (see Proof of Claim ["POC"] No. 1).

4. The confirmation hearing has been scheduled for September 25, 2024 (Docket No. 6).

5. BPPR is a secured creditor in the instant case and the holder in due course of a mortgage note encumbering a real property located at Urb. Alturas del Plata, Cayey, PR (see POC No. 1).

6. BPPR has carefully reviewed Debtor's Plan and hereby objects to the confirmation of said Plan on the following grounds.[1]

---

[1] BPPR reserves the right to raise any other objections to the Plan, besides those here submitted and/or to supplement

7. In Part 8, Section 8.5 of Debtor's Plan, he indicates the following:

"Debtor will continue to make direct payments to BPPR and ***will be released of his personal obligation by judgment to obtain the release of the co-debtor from the mortgage loan***." (Emphasis added)

8. As filed, Debtor's Plan fails to comply with the requirements set forth in Sections 1325 and 1322(b)(2) of the Bankruptcy Code, as Debtor's proposed treatment to BPPR is not clear since Debtor's personal obligation can only be released in this case by Debtor's discharge.

9. A debtor bears the burden of establishing by a preponderance of the evidence that his or her plan satisfies the requirements of the Bankruptcy Code and is appropriate for confirmation. *See* In re Zair, 535 B.R. 15, 18 (Bankr. E.D.N.Y. 2015), *rev'd*, HSBC Bank USA, N.A. v. Zair, 550 B.R. 188 (E.D.N.Y. 2016), *appeal dismissed*, No. 16-1648 (2d Cir. Dec. 7, 2016); In re Merhi, 518 B.R. 705, 709 (Bankr. E.D.N.Y. 2014). The contents of a chapter 13 plan are governed by §1322, which is generally divided between mandatory provisions outlined in §1322(a) (what a chapter 13 plan "shall" provide), and permissive provisions outlined in §1322(b) (what a chapter 13 plan "may" provide).

10. Section 1325 provides for the circumstances under which a bankruptcy court "shall" and "may not" confirm a plan. Hamilton v. Lanning, 560 U.S. 505, 508 (2010). As to secured creditors, §1325(a)(5) directs that a bankruptcy court shall confirm a plan only if **one of the following three** requirements are satisfied: **(1)** the holder of such claim has accepted the plan; **(2)** the debtor's payments to the creditor comply with certain standards and the creditor retains its lien; or **(3)** the debtor surrenders the property securing such claim to such holder. *See* AmeriCredit Fin. Servs., Inc. v. Tompkins, 604 F.3d 753, 756 (2d Cir. 2010) (citations and quotations omitted).

---

those objections at the hearing on confirmation or otherwise. Nothing contained herein shall be construed as a waiver of any such additional objections.

11. Section 1322(b)(2) of the Bankruptcy Code provides that the plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claim. In other words, Section 1322(b)(2) prohibits the modification of claims secured only by debtor's principal residence. The purpose of this language is to preclude debtors from using Section 1325(a)(5)(B) to rewrite the terms of home mortgages. BPPR does not accept the proposed Plan as the same fails to clearly provide for the retention of BPPR's lien until the loan has been paid in full.

12. Title 11 U.S.C. §1325(a)(1), (3) and (5) provide, among other, that the Court shall confirm a plan if:

> *(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;*
> *…*
> *(3) the plan has been proposed in good faith and not by any means forbidden by law;*
> *…*
> *(5) With respect to each allowed secured claim provided for by the plan—*
> *(A) the holder of such claim has accepted the plan; …"*

13. For the reasons stated above, BPPR objects to the confirmation of the Plan.

14. In compliance with the applicable law and rules, Debtor's Plan should be amended in order to provide as aforestated.

15. In the event Debtor amends his Plan resolving the objections raised herein, BPPR has no opposition that this Objection be deemed withdrawn or considered moot.

16. Any amended Chapter 13 Plan must provide for the payment to BPPR for the legal expenses incurred in the filing and prosecution of this objection to confirmation.

**WHEREFORE,** it is respectfully requested that this Court takes notice of the above stated, deny the confirmation of the Plan and grant any other relief as it deems just and proper.

## **NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants including but not limited to Monsita Lecaroz Arribas, Esq., José R. Carrión Morales, Esq., Chapter 13 Trustee, and Debtor's Attorney, Carlos A. Ruiz Rodríguez, Esq.; and by regular mail to Debtor, to his address of record.

Ponce, Puerto Rico, this 18th day of July, 2024.

/s/José A. Moreda del Valle
José A. Moreda del Valle, Esq.
USDC-PR 229401

**JOSE A. MOREDA DEL VALLE
LAW OFFICE**
Attorney for BPPR
4002 Aurora St.
Ponce, PR 00717-1513
Tel.: 787-842-1609
Tel./Fax: 787-842-1604
 Email: moredadelvalle@jmdvlaw.com