# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** <br> **JESUS JAVIER RIVERA CARIDE** <br> **DEBTOR** | **CASE NO. 24-02892 ESL** <br><br> **CHAPTER 13** |

## MOTION INFORMING AMENDMENT TO CHAPTER 13 PAYMENT PLAN

**TO THE HONORABLE COURT:**

    **COMES NOW,** the debtor, through the undersigned attorney and very respectfully states and requests as follows:

    The debtor amends the **Chapter 13 Payment Plan** in *Part 3:3.1* to include pre-petition arrears towards secured creditor BPPR, in *Part 4:4.4* to correct the amount priority owed to IRS and *Part 8:8.5* to include a treatment of his obligation to obtain a refinancing to release his former wife from the financial liability.

    **WHEREFORE,** the debtor requests this Honorable Court to take notice of these facts and confirm the Amended Chapter 13 Plan dated July 31st, 2024.

    **RESPECTFULLY SUBMITTED.**

    In Caguas, Puerto Rico, this 31st of July 2024.

**NOTICE:** Within **fourteen (14)** days after service as evidenced by the certification, and an additional **three (3) days** pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I CERTIFY that on this same date the foregoing document has been electronically filed WITH THE Clerk of the Court using the CM/ECF system which sends notification of such filing to all system's participants, including the U.S. Trustee's Office and the Trustee. Also, certifies that a copy of the foregoing document will be sent by regular mail to Ms. Weyna Maldonado Cordero, to her mailing address: Urb. Rexville Calle 21 Unit ZA-28 Bayamon, PR 00957.

***/s/ CARLOS A. RUIZ RODRIGUEZ, ESQ***
USDC-PR 210009
Attorney for Debtor(s)
**LCDO. CARLOS ALBERTO RUIZ, LLC**
P.O. Box 1298, Caguas, PR 00726-1298
Phone: (787) 286-9775 / Fax: (787) 747-2174
carlosalbertoruizquiebras@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re: **Jesus Javier Rivera Caride**

Case No.: 24-02892 ESL

Chapter 13

XXX-XX-0063
XXX-XX-____

☒ Check if this is a Pre-Confirmation amended plan.

☐ Check if this is a Post Confirmation amended plan
Proposed by:
☒ Debtor(s)
☐ Trustee
☐ Unsecured Creditor(s)

**PR Local Form G**
**Chapter 13 Plan dated** 07/31/2024.

☒ If this is an amended plan list below the sections of the plan that have been changed.

Part 3:3.1; 4:4.4 and 8:8.5

_____

## PART 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **The headings contained in this plan** are inserted for reference purposes only and shall not affect the meaning or interpretation of this Plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $ 490 | 60 | $ 29,400 | |
| | | $ 0 | |
| | | $ 0 | |
| | | $ 0 | |
| | | $ 0 | |
| Subtotals | 60 | $ 29,400 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
▣ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with copy of each income tax return filed during the plan term within 14 days of the filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refund," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
▣ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

▣ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Popular Mortgage | Real Property | $ 728.00 | $ 2,381.89 | ____ % | $ _____ | $ 2,381.89 |
| | | Distributed by:<br>☐Trustee<br>▣Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☐Trustee<br>■Debtor(s) | | _____ Months | Starting on Plan Month _____ | |
| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☐Trustee<br>■Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

*Insert additional lines as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | _____% | $ _____ | $ _____ |
| | | | | | | | _____ Months | Starting on Plan Month _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | _____% | $ _____ | $ _____ |
| | | | | | | | _____ Months | Starting on Plan Month _____ |

*Insert additional lines as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor. If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | _____ Months Starting on Plan Month _____ | Distributed by:<br>☒ Trustee<br>☐ Debtor(s) | |
| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | _____ Months Starting on Plan Month _____ | Distributed by:<br>☐ Trustee<br>☒ Debtor(s) | |

*Insert additional lines as needed.*

3.4 **Lien Avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. If no monthly payment is listed below, distribution will be prorated according to plan section 7.2.

| Information regarding judicial lien or security interest | Calculation of Lien Avoidance | | Treatment of Remaining secured claim |
|---|---|---|---|
| Name of Creditor | a. Amount of lien | $ _____ | Amount of secured claim after avoidance (line a minus line f) |
| _____ | b. Amount of all other liens | $ _____ | $ _____ |
| Collateral | c. Value of claimed exemptions + | $ _____ | Interest Rate (if applicable) |
| _____ | | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | d. Total of adding lines a, b and c | $          0 | [     %]              Months<br>Starting on<br>Plan Month _____<br>Monthly Payment on secured claim |
| _____ | e. Value of debtor's interest in property — | $ _____ | $ _____ |

|  | f. Subtract line e from d. | $ 0 |  |
|---|---|---|---|
|  | Extent of exemption impairment (check applicable box) |  | Estimated total payments on secured claim $ |
|  | ☐ Line f is equal to or greater than line a. *The entire lien is avoided (Do not complete the next column.)* |  |  |
|  | ■ Line f is less than line a. *A portion of the lien is avoided. (Complete the next column.)* |  |  |

*Insert additional lines as needed.*

3.5 **Surrender of collateral.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

*Insert additional lines as needed.*

3.6 **Pre-Confirmation Adequate Protection Monthly Payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of Secured Creditor | $ Amount of APMP | Comments |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the Plan by the trustee are subject to corresponding statutory fee.

3.7 **Other Secured Claims Modifications.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☐ Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Claim ID # | Claim Amount | Modified Interest Rate | Modified Term (*Months*) | Modified P&I | Property Taxes (*Escrow*) | Property Insurance (*Escrow*) | Total Monthly Payment | Estimated Total PMTs by Trustee |
|---|---|---|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ ☒ To be Pay In Full 100% | _____% | _____ | $ _____ | $ _____ | $ _____ | $ __0.00__ Starting on Plan Month _____ | $ _____ |
| _____ | _____ | $ _____ ☒ To be Pay In Full 100% | _____% | _____ | $ _____ | $ __0.00__ | $ _____ | $ __0.00__ Starting on Plan Month __30__ | $ _____ |
| _____ | _____ | $ _____ ☐ To be Pay In Full 100% | _____% | _____ | $ _____ | $ _____ | $ _____ | $ __0.00__ Starting on Plan Month _____ | $ _____ |

*Insert additional lines as needed.*

# PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's Fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one*

☐ **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☒ **Fee Application**: The attorneys' fees amount will be determined by the Court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

Attorney's fees paid pre-petition $ __1,250.00__

Balance of attorney's fees to be paid under the plan are estimated to be: $ __4,000.00__

If this is a post-confirmation amended plan, estimated attorney's fees: $ _____

- **4.4** **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

  *Check one.*

  ☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

  ☒ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $_____732____ .

  | Name of Priority Creditor | Estimate Amount of claim to be paid |
  |---|---|
  | Internal Revenue Services | $ 731.84 |
  |  | $ |
  |  | $ |
  |  | $ |

  *Insert additional lines as needed.*

- **4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

  *Check one.*

  ☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

  ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

  | Name of Creditor | Estimated Amount of claim to be paid |
  |---|---|
  |  | $ |
  |  | $ |
  |  | $ |
  |  | $ |
  |  | $ |

  *Insert additional lines as needed.*

- **4.6** **Post confirmation property insurance coverage**

  *Check one.*

  ☒ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

  ☐ The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

  | Name of Creditor Insured | Insurance Company | Insurance Coverage Beginning Date | Estimated Insurance Premium to be paid | Estimated total payments by Trustee |
  |---|---|---|---|---|
  | _____ | _____ | _____ | $ _____ Distributed by: ☒Trustee ☐Debtor(s) | $ _____ |
  | _____ | _____ | _____ | $ _____ Distributed by: ☒Trustee ☐Debtor(s) | $ _____ |

  *Insert additional lines as needed.*

# PART 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $ _____ Distributed by: ☐ Trustee ☒ Debtor(s) | $ _____ 0.00 | $ _____ 0.00 |
| _____ | $ _____ Distributed by: ☐ Trustee ☒ Debtor(s) | $ _____ | $ _____ |

*Insert additional lines as needed.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one.*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows: (If Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according with plan section 7.2.)

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid prorated) | Amount to be paid on the claim (if applicable) | Interest Rate (if applicable) | Months | Starting on Plan Month | PMT Amount | Estimated total amount of payments |
|---|---|---|---|---|---|---|---|---|
| _____ | _____ | ☒ In Full – 100% ☐ Less than 100% ☐ Paid by co-debtor ☐ Other (Explain) _____ | $ _____ | _____% | _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | ☒ In Full – 100% ☐ Less than 100% ☐ Paid by co-debtor ☐ Other (Explain) _____ | $ _____ | _____% | _____ | _____ | $ _____ | $ _____ |

*Insert additional lines as needed.*

# PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

*Check one.*

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased Property or executory Contract | Current Installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ <br> Distributed by: <br> ☐ Trustee <br> ■ Debtor(s) | $ _____ | _____ | $ _____ |
| _____ | _____ | $ _____ <br> Distributed by: <br> ■ Trustee <br> ☐ Debtor(s) | $ _____ | _____ | $ _____ |

*Insert additional lines as needed.*

# PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.
■ entry of discharge.
☐ other: _____ .

7.2 **Plan Distribution by the Trustee will be in the following order:**
*(Numbers bellow reflects the order of distribution; same number means prorate distribution among claims with same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1 total) - *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Payments (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1 total) – *Arrearage Payments*
3. Distribution on Secured Claims (Part 3, Section 3.2 total)
3. Distribution on Secured Claims (Part 3, Section 3.3 total)
3. Distribution on Secured Claims (Part 3, Section 3.4 total)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.5 total)
5. Distribution on Priority Claims (Part 4, Section 4.4 total)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 4, Section 5.1)

Trustee's fees are distributed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1  **Check "None" or list the nonstandard plan provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the  Official Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

---

**8.2 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:** Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order.  If the Debtor(s) need(s) to the use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.3 This Section modifies LBF-G, Part 3: Retention of Lien:** The lien holder of any allowed secured claim, provided for by the plan, in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.4 This Section modifies LBF-G, Part 5:5.3 - Treatment to Student Loans**: The debtor was advised of the income base repayment plan as a public servant and is aware about the presumption of non changeability of student loans. Accordingly, the Trustee will not disburse payment to any student loans claim nor any other future student loan claim until all the secured, unsecured and administrative claims are paid in full.

**8.5 This Section modifies LBF-G, Part 7, General Unsecured Claims: Release of Obligation Upon Discharge:** Upon being granted a Discharge in this Chapter 13 case, including a Hardship Discharge, the Debtor will be forever discharged from his obligation to obtain a refinancing to release his former wife from the financial liability as co-debtor as described in item number 4.3 of Schedule E/F. **Rights and Benefits Post-Divorce:** Notwithstanding his discharge from the refinancing obligation, the Debtor will continue to be entitled to all the rights and benefits derived from his divorce decree and/or marital dissolution agreement.

SEE CONTINUATION

---

## PART 9: Signature(s)

**s/ Carlos Alberto Ruiz, Esq.**                                    Date  **07/31/2024**
Signature of attorney of debtor(s)

**Jesús Javier Rivera Caride**                                     Date  **07/31/2024**

_____      Date _____

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an  attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard  provisions included in Part 8.**

JESUS JAVIER RIVERA CARIDE
Amended Chapter 13 Plan dated July 31st, 2024

Part 8: Nonstandard Plan Provisions - Continuation

**8.6 UTILITY SERVICES (§366) AND MODIFICATION OF LBF G, SECTION 5.3 AND 6.1:** Confirmation of this plan shall constitute a finding that any such §366 utility service has agreed that the existing security deposit in the Debtor's account constitutes and provides adequate assurance under 11 U.S.C. §366(b). If the Debtor defaults, after filing of the petition, on any payment to a utility service entitled to adequate assurance under 11 U.S.C. §366, then that post-petition accumulated debt shall, upon application of said utility creditor, become a post-petition allowed debt pursuant to 11 U.S.C. §1305, and shall be paid as a separately classified nonpriority unsecured claimant, under plan section 5.3 with distributions to be made before any additional distributions to non-priority general unsecured creditors not separately classified. This treatment shall be deemed an adequate assurance of the utility's future payments. A utility service creditor shall not terminate, suspend, refuse to provide, alter, condition and/or discontinue services, and/or discriminate against the Debtor(s) and/or initiate administrative procedures against the Debtor(s), without first obtaining relief from the automatic stay. Nothing in this plan is intended to reject 11 U.S.C. §366 utility service, not limited to gas, water, and electric services.

*8.*7 **PLAN INCORPORATES ORDERS, JUDGMENTS AND STIPULATIONS:** This plan incorporates by reference as if fully repeated herein, all orders, judgments, rulings, court's determinations, agreements and stipulations, in this bankruptcy case and/or associated adversary proceedings.

**8.8 EXCLUDED PROPERTIES AND MODIFICATION OF LBF G, PART 3, SECTION 3.5:** For properties for which the stay is modified and/or lifted by motion, order and/or under this plan's section 3.5, hereinafter referred as "excluded property", if a private or judicial sale of the "excluded property" occurs and proceeds are left after payment of all liens and all costs of the judicial sale, the proceeds from the sale that are not exempt will be paid into the plan and the plan's base will be deemed amended automatically without further hearing.

**8.9 POST CONFIRMATION OBJECTION TO PROOFS OF CLAIMS:** Confirmation of this plan does not bar a party in interest from objecting to a proof of claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**8.10 ANTICIPATED SECURED CREDITORS FILING AS UNSECURED AND MODIFICATION OF LBF G, PART 3:** If a claim is listed and provided for as secured in any of the sections of Part 3 of this plan, and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured under plan section 5.1 of this plan for purposes of distribution and for any other purpose under the plan. Upon confirmation or approval of this plan or amended plan, a creditor's lien over the property of the estate will be void and forever extinguished when such creditor(s) files an unsecured proof of claim or amended proof of claim.

**8.11 PROPERTY OF THE ESTATE**: Property of the estate in Chapter 13 includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the Debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

**8.12 CONSENT TO A PROHIBITION FOR RELIEF FROM THE STAY**: A creditor that it is provided for under the terms of this plan and fails to file a timely allowed proof of claim within the time period required by Federal Bankruptcy Rule 3002(c), will have consented to a prohibition to request relief from the automatic stay (11 U.S.C. §362) and/or the co Debtor(s) stay (11 U.S.C. §1301)

**8.13 ARBITRATION AGREEMENTS AND ALIKE**: This plan specifically rejects, avoids, cancels and otherwise releases the Debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor(s) or the Chapter 13 Trustee. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case. All contractual provisions regarding arbitration or alternative dispute resolution in a contract underlying any claim provided for by this plan shall be unenforceable.

**8.14 RESERVATION OF RIGHTS**: Confirmation of this plan shall constitute a finding that the Debtor(s) do not waive, release or discharge but rather retain and reserve, for themselves, the estate and/or the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court. Nothing in this section shall be interpreted as a claim of exemptions or an amendment to the claimed exemptions. Nothing in this provision should be construed as a claim of exemption outside those claimed in Schedule "C". Unless otherwise specified in this plan, nothing in this plan is intended to abrogate the Chapter 13 Trustee's and/or Debtor's state law contract rights, or to waive any claims and/or defenses, including but not limited to the defense and/or prosecution of cases in any forum.

**8.15 ORDER LIFTING THE STAY AND MODIFICATION OF LBF G, PART 3:** For properties for which the stay is modified and/or lifted by motion, order and/or agreement, hereinafter referred as "stay excluded property", will be deemed treated pursuant to Part 3,

Section 3.5 as surrendered collateral. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

**8.16 RETURN OF TITLE ON PERSONAL PROPERTY AND MODIFICATION OF LBF G, PART 4**: Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy, for which the certificate of title is in the possession of the secured party, the secured party shall within ten (10) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles and/or the Department of Public Transportation prescribes, and mail or deliver the certificate and release to the Debtor(s)or the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s)in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s)specifically reserves the right to file a motion to reopen this case under 11 U.S.C. §350 to pursue the rights and claims provided for herein.

**8.17 TRANSFER OF RIGHTS, PROOF OF CLAIMS AND/OR CREDITS**: If a claim has been transferred by the holder thereof, after the holder has filed a proof of claim, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, shall not serve to remove the transferor as a creditor in this case and in such situations all actions were taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

**8.18 RESERVATION OF RIGHTS TO OBJECT PROOFS OF CLAIMS**: The Debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the Debtor(s)may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the plan reserves the right, for the Debtor(s) and the Chapter 13 Trustee, to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the Debtor(s)raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. Notwithstanding, if an objection is filed on any proof of claim filed, the Chapter 13 Trustee will reserve the funds that were to be distributed on account of the objected proof of claim, until the objection is withdrawn or adjudicated by Court order. The Debtor(s) also reserves for the estate, except for those amounts Debtor claims exempt, which are hereby reserved for the Debtor(s), all claims or causes of action he/she may have, could have or might have based on any claim filed in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action or the admission of the existence of the underlying debt.

**8.19 PROHIBITED ACTS BY CREDITORS**: Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor(s)that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (2) the enforcement, against the Debtor(s)or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the Debtor(s)any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the Debtor(s)that arose before the commencement of the case under this title against any claim against the Debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate Debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a Debtor(s)who is an individual for a taxable period ending before the date of the order for relief under this title.

**8.20 REJECTION OF IPSO FACTO CLAUSES AND OTHERS:** The plan filed by the Debtor(s)herein specifically rejects, avoids, cancels and otherwise releases the Debtor(s)from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s)in default under any such agreement for filing a bankruptcy/insolvency action (Ipso Facto Clauses). Consequently, confirmation of this plan shall constitute a finding that any such Ipso Facto Clauses, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s)in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such Ipso Facto Clauses be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s)hereby specifically rejects all existing contracts for credit that are not specifically accepted or reaffirmed, including and particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically, any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

**8.21 CAUSES OF ACTION**: The Bankruptcy Court will retain jurisdiction over all existing causes of action.

**8.22 NO NOVATION OF CONTRACTUAL DEBTOR:** Unless specifically otherwise provided in this plan, the Order confirming this plan, shall not be construed to constitute a novation of the contractual debtor or change of the contractual debtor, regarding contractual obligation between the contractual debtor and the creditor/party in interest, holding a lien over the property of the estate.

**8.23 SURRENDER, SATISFACTION OF LIENS AND MODIFICATION LBF G, PART 3, SECTION 3.5**: Upon confirmation of this plan, Debtor(s) surrenders, and the stay is lifted as to the collateral(s) provided in section 3.5, to allow the lien holder(s) to proceed with in rem remedies against the collateral, in full payment of the lien, in partial payment of its claim, and extinguishing the lien. Any allowed claim by a creditor(a) provided for in section 3.5 shall receive no distribution under the plan, as to its secured portion as it will be fully satisfied by the surrender of the collateral. All payments and deductions regarding the obligation secured by the collateral shall immediately cease and shall be stopped by any entity making them or withdrawing them. Any unsecured portion of the claim as filed, or later filed amending the same to reflect a deficiency balance after the surrender, shall be paid as an unsecured claim pursuant to plan section 5.1 of this plan, within the terms and conditions of this plan. This provision does not allow for the lien holder to create, perfect a present a lien.

**8.24 CO-DEBTOR STAY, CODEBTOR DEBTS AND MODIFICATION LBF G, PART 5, SECTION 5.3**: All payments to co-debtor claims shall be applied to principal first until paid in full. Unless otherwise specified in this plan, nothing in it is intended to lift any applicable co-debtor's stay under 11 U.S.C. §1301, to abrogate co-debtor's state law contract rights, nor to waive any co-debtor's claims and/or defenses.

**8.25 STUDENT LOANS PAYMENT APPLICATION**: All payments to the student loan claims shall be applied to the principal first until paid in full. However, the unpaid interest accumulated during the payment term shall remain due and owing and shall not be discharged.

**8.26 CONTINGENT CLAIMS**: The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposes of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

**8.27 REVOCATION OF CONSENT WITH RESPECT TO ALL FORMS OF TELEPHONIC COMMUNICATIONS**: All creditors are prohibited from contacting the Debtors by way of their telephones. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form of communication by cell phone or otherwise. These provisions apply to all parties in interest or who claim authority by contract, assignment, power of attorney, agency, or otherwise to contact or attempt to contact the Debtors by way of their respective wireless telephones or cell phones or landlines. This provision does not apply to the Chapter 13 Trustee, who may communicate with the Debtor(s).

**8.28 PROHIBITION OF CREDIT REPORTING**: No creditor shall report as delinquent to any credit reporting agency any debt provided for in accordance with this plan.

**8.29 POST CONFIRMATION ATTORNEY'S FEES AND MODIFICATION LBF G, PART 4, SECTION 4.3**: This provision modifies LBFG, Part 4, Section 4.3 The estimated amount of post-confirmation attorney's fees provided in section 4.3 of this plan is the amount estimated for plan sufficiency purposes. If no timely application for post-confirmation compensation is filed within fourteen (14) days from the date of entry of the order approving this post-confirmation modified plan, then the amount estimated in section 4.3 will be the additional attorney's compensation requested, or the maximum amount allowed by Local Bankruptcy Rule 2016-1(f)(3), whichever is less.

**8.30 REQUIRING CONTINUED MAILING OF MORTGAGE STATEMENTS AND PAYMENT COUPON BOOKS**: All secured creditors, and/or the servicer, with a security interest in property of the estate and/or of the Debtor(s), shall send Debtor(s) monthly mortgage statements. Debtor(s) hereby exercise the right to receive monthly mortgage statements and constitute a written request for the termination of any existing exemption, pursuant to Reg. Z, C.F.R. §1026.41(e)(5)(ii)(Effective April 19, 2018).

**8.31 BANKRUPTCY RULE 3002.1(C) REQUESTS AND MODIFICATION OF LBF G, PART 7, SECTION 7.2**: The Chapter 13 Trustee shall pay any and all post-petition amounts requested by a creditor that is requested pursuant to Bankruptcy Rule 3002.1, as soon as practicable after confirmation of the plan as a creditor under plan section 3.1. Notwithstanding this provision, and/or the distributions made by the Trustee, the Debtor(s)reserves the right to object, within the term provided by Bankruptcy Rule 3002.1, to any and all post-petition amounts requested by creditor pursuant to said Rule 3002.1. Should Debtor(s)object to such post-petition amounts requested by a creditor, and prevails, the Chapter 13 Trustee is under no obligation to recover those objected and distributed amounts from a creditor, and creditor shall immediately return the distributed amounts to the Chapter 13 Trustee to be administered in compliance with the bankruptcy code. Nothing in this plan is to be construed as a waiver or modification by the Debtor(s)of the right to object pursuant to Bankruptcy Rule 3002.1.

**8.32 PAYMENT OF MORTGAGE WITH LACK OF MORTGAGE NOTE ENDORSEMENT**: Part 3.1 of the plan proposes that the mortgage arrearage provided in the said section will be paid by the Chapter 13 Trustee. The Chapter 13 Trustee is directed and authorized to distribute plan proposed payments as per the term of the Chapter 13 Plan, to any and/all creditors provided in section 3.1, even if the mortgage creditor or its servicer files the corresponding Proof of Claim without evidence of endorsement. Upon confirmation of the plan, Debtor(s), on his/her behalf and on behalf of the estate, hereby hold the Chapter 13 Trustee harmless of, and forever waives any claims for legal or financial liability, against the Chapter 13 Trustee, for payment of arrears included in the above-mentioned Proof of Claim to the party filing it, or to its future assignee's properly notified during the period of the plan, notwithstanding that such claim is filed without evidence of endorsement of the mortgage note. Nothing in this provision is intended to release and/or hold harmless any other party other than the Chapter 13 Trustee, his agents and/or his employees. The Debtor(s) reserve(s) the right to pursue any and all claims not specifically released in this section.

**8.33 <u>PAYMENT APPLICATION FOR RESIDENTIAL PROPERTIES AND MODIFICATION OF LBF G, PART 4</u>**: Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the residential real property of the Debtor(s) to do all of the following:

    a. To apply the payments received from the Chapter 13 Trustee on the pre-petition arrearage, if any, and only to such arrearage. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim. During the term of the plan, payments from the Chapter 13 Trustee shall be credited against the pre-petition arrearage. The pre-petition arrearage shall have a zero "0" balance upon entry of the Discharge Order in this case.

    b. To deem the pre-petition arrearage as contractually cured upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the pre-petition default or defaults. Such action shall be taken by making the adjustment to the account in a sufficient amount to "cure" the pre-petition arrears as established by the "allowed" proof of claim. If the case is dismissed and closed with pre-petition arrearage pending, such amounts shall be not deemed contractually cured.

    c. To apply the direct post-petition monthly mortgage payments paid by the Chapter 13 Trustee and/or by the Debtor(s) to the month in which they were designated to be made under the plan or directly specified by the Debtor, whether or not such payments are immediately applied to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account. All such post-petition payments must be first applied to the outstanding post-petition interest and then to the principal balance and may not be used for any other purpose without the approval of the Bankruptcy Court after proper notice and a hearing.

    d. To notify the Chapter 13 Trustee, the Debtor(s) and the attorney for the Debtor, in writing, of any changes in the interest rate for any non-fixed rate or any adjustable-rate mortgages and the effective date of any such adjustment or adjustments in compliance with Federal Rule of Bankruptcy Procedure 3002.1(b). The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided. In the event the rate should be reset to a rate lower than the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of 524(i) to the extent that the Debtor(s) suffers aggregate damages of more than $50.00.

    e. To Notify the Chapter 13 Trustee, the Debtor(s) and attorney for the Debtor, in writing, of any assessment of, a charge of, payment of, prepayments of and/or disbursement of, change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments, and/or that may affect the amount that Debtor(s) owes and/or will owe, in compliance with Federal Rule of Bankruptcy Procedure 3002.1. The failure to comply with such notice requirements shall constitute a waiver of any right to recover any advance, payment, disbursement, change, assessment, prepayment and/or enhanced escrow payments and to recover any such increases until such notice, in compliance with Federal Rule of Bankruptcy Procedure 3002.1 is provided, on the condition that it is provided within sufficient time to maintain the feasibility of the plan as confirmed.

    f. To refrain from directly paying or attempting to pay any pre-petition tax obligation that the Debtor(s) has included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing or unless a notice of assignment of the tax claim is filed from the taxing authority to the servicer and/or holder of the mortgage loan or loans.

    g. To refrain from ever assessing, charging, imposing, advancing, or billing any type of fees or charges (such as property insurance premiums, taxes, legal fees, broker price opinion fees, property inspection fees, property preservation fees, proof of claim fees, notice of appearance fees, plan review fees, or any type of legal fees, or any other type of fee or charge) to the mortgage loan of the Debtor(s) either post-petition and pre-confirmation, either post-confirmation and pre-discharge, or post-discharge unless such fees or charges have been approved by the Bankruptcy Court upon the filing of a proper application for the approval of such fees and charges under in compliance with Federal Rule of Bankruptcy Procedure 3002.1(c).

| s/ Carlos Alberto Ruiz, Esq. | s/ Jesús Javier Rivera Caride |
|---|---|
| Debtor's Attorney | Debtor |
| Date: 7/31/2024 | Date: 07/31/2024 |